UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **Ernesto Perez**,<br><br>   Plaintiff,<br><br>v.<br><br>**L4 Construction LLC**, a Colorado Limited Liability, and **Matt Lamar**,<br><br>   Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Ernesto Perez ("Plaintiff"), sues the Defendants, L4 Construction LLC and Matt Lamar ("Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New Mexico Statutes Ann. § 50-4 *et seq.,* ("NMSA Minimum Wage Act) for Defendants' failure to pay Plaintiff all earned minimum wages, all earned overtime wages, and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The NMSA Minimum Wage Act establishes the law regarding minimum wage, overtime, and all earned wages within the State of New Mexico.

-1-

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of New Mexico, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all material times, Plaintiff is an individual residing in Yuma County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant L4 Construction LLC is a limited liability company licensed to transact business in the State of New Mexico. At all material times, Defendant L4 Construction LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Taos County, New Mexico.

8. At all material times, Defendant L4 Construction LLC does business as "L4 Construction"

9. At all relevant times, Defendant L4 Construction LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant L4

Construction LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest L4 Construction LLC in relation to the company's employees, Defendant L4 Construction LLC is subject to liability under the FLSA.

10. Defendant Matt Lamar is an owner of L4 Construction LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendant Matt Lamar is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Matt Lamar is an owner of L4 Construction LLC.  At all relevant times, Matt Lamar had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Matt Lamar is subject to individual liability under the FLSA.

12. At all material times, Defendants L4 Construction LLC. and Matt Lamar are Plaintiff's "employer" as defined by the NMSA Minimum Wage Act.

13. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

14. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

15. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

16. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

17. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

18. Defendant owns and/or operates as L4 Construction LLC, an enterprise located in Weld County, Colorado.

19. Plaintiff was hired by Defendants and worked for Defendants as an iron worker and sheet metal technician from approximately August 2019 through approximately November 2019.

20. At all relevant times, Plaintiff's job duties included, but were not limited to, ironworking and sheet metal fabrication.

21. Defendants, in their sole discretion, agreed to pay Plaintiff $27.00 per hour for all hours he worked.

22. Plaintiff worked for approximately four months for Defendants.

23. Plaintiff performed such work for Defendants in Taos County, New Mexico.

24. During the final workweek of Plaintiff's employment with Defendants, he worked approximately 60 hours.

25. Defendants paid Plaintiff no wages whatsoever for the final workweek of his employment.

26. As a result of not having paid any wage whatsoever to Plaintiff for the final workweek of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

27. As a result of not having paid any wage whatsoever to Plaintiff for the final workweek of his employment with Defendants, Defendants failed to pay the applicable overtime wage to Plaintiff for time he spent working in excess of 40 hours in a given workweek.

28. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

29. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for hours worked in excess of 40 in a given workweek, Defendants have violated 29 U.S.C. § 207(a).

30. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants failed to pay minimum wage, in violation of the NMSA Minimum Wage Act.

31. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked in excess of 40 in a given workweek, Defendants failed to pay overtime, in violation of the NMSA Minimum Wage Act.

32. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have failed to pay wages due and owing to Plaintiff, in violation of the NMSA Minimum Wage Act.

33. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

34. Defendants have and continue to violate the NMSA Minimum Wage Act by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

35. Defendants have and continue to violate the NMSA Minimum Wage Act by not paying Plaintiff the full applicable overtime wage rate for all hours worked in excess of 40 during his regular workweeks.

36. Defendants have and continue to violate the NMSA Minimum Wage Act by not paying Plaintiff the wages due and owing to him for all hours he worked during his regular workweeks.

37. Plaintiff is a covered employee within the meaning of the FLSA.

38. Plaintiff is a covered employee within the meaning of the NMSA Minimum Wage Act.

39. Plaintiff was a non-exempt employee.

40. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

41. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

42. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

43. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under the NMSA Minimum Wage Act

44. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under the NMSA Minimum Wage Act.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

47. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

48. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ernesto Perez, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked in excess of 40 in a given workweek during the final workweek of his employment.

51. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

52. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ernesto Perez, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: NMSA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

55. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the NMSA Minimum Wage Act.

56. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the

underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ernesto Perez, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: NMSA MINIMUM WAGE ACT
### FAILURE TO PAY OVERTIME

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked in excess of 40 in a given workweek during the final workweek of his employment.

59. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the NMSA Minimum Wage Act.

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ernesto Perez, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment

interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FIVE: NMSA MINIMUM WAGE ACT
### FAILURE TO PAY WAGES OWED

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

63. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates the NSMA Minimum Wage Act.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ernesto Perez, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of May, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

-11-